**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FRANCISCO JAVIER MARTINEZ-BECERRA, ) <br> a/k/a "Eduardo Martinez," ) <br> a/k/a "Manuel Martinez-Perez," ) <br> ) <br> Defendant. ) | Case No. 12-CR-0101-04-CVE <br><br> USM Number: 94617-008 |

## OPINION AND ORDER

Before the Court is defendant's motion to correct sentence (Dkt. # 272). Defendant takes issue with how the Bureau of Prisons (BOP) has calculated his sentence of 188 months. The BOP determined the total sentence in effect to be 15 years, 10 months and 15 days. Defendant argues the total sentence calculation should be 15 years and 8 months, a difference of two and one half months. His remedy is a comparable reduction in sentence.

On November 15, 2012, defendant appeared for sentencing following his guilty plea to conspiracy to possess with the intent to distribute and distribution of 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, and 841(a)(1), (b)(1)(A)(viii). Defendant was sentenced to 188 months in the custody of the BOP, to be served concurrently with the undischarged sentence imposed in the Eastern District of Oklahoma Case No. 11-CR-072-001-RAW.

The Court does not have the authority to amend the judgment. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. See United States v. Blackwell, 81 F.3d 945, 947, 949 (10th

Cir.1996) (holding a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so, so a district court does not have inherent power to resentence defendants at any time); United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request). See also 18 U.S.C. § 3582(b).

The issue here is a misunderstanding of when an aggregate concurrent sentence commences. Review of the record reflects that the BOP has properly calculated defendant's imprisonment terms. On August 30, 2012, defendant was sentenced to a custody term of 188 months in Eastern Oklahoma Case 11-CR-072. Two and one half months later, on November 15, 2012, defendant was sentenced in the instant case to an imprisonment term of 188 months, said term to run concurrently with Case 11-CR-072. A sentence commences on the date defendant is received in custody to begin service of his sentence. 18 U.S.C. § 3585(a). Logically, a sentence of imprisonment "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). The time defendant spent in custody in Case 11-CR-072, from August 30, 2012 to November 14, 2012, was credited to that sentence, and cannot also be credited toward the instant sentence. Title 18 U.S.C. § 3585(b) does not permit credit on a federal sentence for time served and credited against another sentence. See United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998) (noting that a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993) (holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in § 3585(b)

against double crediting"; the court explained that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period"). Although the federal sentences run concurrently, the 188-month instant term began when sentence was imposed, resulting in a total sentence for both cases of 15 years, 10 months and 15 days.

**IT IS THEREFORE ORDERED**, that defendant's motion to correct sentence (Dkt. # 272) is hereby **denied**.

**IT IS SO ORDERED** this 13th day of August, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE