**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 12-CR-0101-004-CVE |
| | ) |
| **FRANCISCO JAVIER** | ) |
| **MARTINEZ-BECERRA,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is defendant's Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 320). Defendant argues that his sentence should be reduced in light of an amendment to the United States Sentencing Guidelines (USSG). He acknowledges that his plea agreement contained a waiver of his right to file a motion for a reduction of his sentence under 18 U.S.C. § 3582(c), but he asks the Court not to enforce the waiver. Dkt. # 320, at 5. The Court finds that it is unnecessary to consider whether the waiver of defendant's right to seek relief under § 3582(c) is enforceable, because he would not be entitled to a sentencing modification under an amendment to the USSG.

On June 6, 2012, a grand jury returned an indictment (Dkt. # 2) charging defendant and others with conspiracy to possess with intent to distribute and to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Defendant made his initial appearance on July 30, 2012 and counsel was appointed to represent him. Dkt. # 78. Defendant pled guilty with a plea agreement to one count of drug conspiracy in violation of 21 U.S.C. § 846, and the parties stipulated that the amount of methamphetamine used to calculate

defendant's advisory guideline range was at least 1.5 kilograms but less than 5 kilograms of methamphetamine. Dkt. # 117, at 15. A presentence investigation report (PSR) was prepared by the United States Probation Office, and the probation office relied on the stipulation as to drug quantity when preparing the PSR. Under the 2012 version of the USSG, the base offense level for a crime involving at least 1.5 kilograms but less than 5 kilograms of methamphetamine was 34. Defendant received a three level reduction for his minor role in the offense and a three level reduction for acceptance of responsibility, resulting in an adjusted offense level of 28. However, defendant had two prior felony convictions that qualified as controlled substance offenses, and his guideline level increased to 37 due to his status as a career offender. Defendant's total offense level was adjusted to 34 due to his acceptance of responsibility and his advisory guideline range was 262 to 327 months. The Court granted defendant's request for a downward departure and imposed a sentence of 188 months. Dkt. # 191.

In 2014, the United States Sentencing Commission (Sentencing Commission) promulgated Amendment 782, and this amendment provided for a two level reduction of the base offense level for certain drug offenses. United States v. Wilson, 638 F. App'x 722 (10th Cir. Jan. 27, 2016).[1] Under 18 U.S.C. § 3582(c)(2), federal courts have limited authority to modify a defendant's sentence in a case where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." The amendment to the USSG must be made retroactive by the Sentencing Commission in order for a defendant to obtain relief under § 3582(c)(2). USSG § 1B1.10. The Supreme Court has created a

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

2

two part inquiry that must be followed by a district court when considering a § 3582(c)(2) motion. Dillon v. United States, 560 U.S. 817, 826-27 (2010). First, the Court must determine if the defendant would be eligible for a sentencing modification under the amendment to the USSG. This requires the Court to calculate the defendant's guideline range as if the relevant amendment to the USSG had been in effect at the time the defendant was sentenced. Id. at 827. Second, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to aid the Court in exercising its discretionary authority to reduce a defendant's sentence under § 3582(c). Id.

At the first step of the inquiry, defendant must show that he is eligible for a sentencing modification based on a retroactive amendment to the USSG. Defendant relies on Amendment 782 to the USSG, and this amendment has been made retroactively applicable by the Sentencing Commission. USSG § 1B1.10(d). If Amendment 782 had been in effect at the time of defendant's sentencing, the base offense level for a crime involving at least 1.5 kilograms but less than 5 kilograms of methamphetamine would have been 32, and this is two levels less than the base offense level stated in the PSR. See USSG § 2D1.1. However, the USSG specifically preclude a Court from granting a motion under § 3582(c)(2) if the "amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). In this case, the PSR initially relied on the base offense level provided by USSG § 2D1.1 in calculating defendant's sentence, but defendant's offense level was adjusted to a higher guideline level due to his status as a career offender. Amendment 782 had the effect of reducing the base offense levels for certain drug offenses, but the amendment had no effect on the career offender provision of the USSG. Even if Amendment 782 had been in effect at the time of defendant's sentencing, his base offense level would have been adjusted to 37 under the career offender provision of the USSG and

3

Amendment 782 has no effect on his sentence.  See United States v. Samuels, 528 F. App'x 953 (10th Cir. July 10, 2013) (amendment reducing guideline levels for crack cocaine offenses had no effect on the defendant's sentence when the defendant's sentence was based on the career offender provision).  The Court finds that defendant is ineligible for a sentencing modification under § 3582(c)(2), and his motion (Dkt. # 320) should be dismissed for lack of jurisdiction.  United States v. White, 765 F.3d 1240 (10th Cir. 2014) (dismissal for lack of jurisdiction, rather than denial, is the appropriate disposition when a defendant is ineligible for relief under § 3582(c)(2)).

**IT IS THEREFORE ORDERED** that defendant's Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 320) is **dismissed for lack of jurisdiction**.

**DATED** this 19th day of June, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE